IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01709-LTB

WAYNE ALLEN SATER,

    Plaintiff,

v.

BOBBY BONNER, Warden, KCCC/CCA,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Wayne Allen Sater, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  He filed *pro se* on September 23, 2013, a motion titled "Motion for Relief From Judgment" (ECF No. 24) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  The Court must construe the motion liberally because Mr. Sater is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Mr. Sater's motion was filed seventeen days after the Court's Order of Dismissal and Judgment were entered on September 6, 2013. Therefore, The Court will consider Mr. Sater's September 23 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

On September 6, the Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) for Mr. Sater's failure to cure within the time allowed all the deficiencies designated in the order to cure of June 28, 2013. The September 6 dismissal order discusses in detail the reasons for the dismissal. *See* ECF No. 21.

After review of the motion and the entire file, the Court finds that Mr. Sater fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 59(e) motion does not alter the Court's

conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for Relief From Judgment" (ECF No. 24) that Plaintiff, Wayne Allen Sater, filed *pro se* on September 23, 2013, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  25th  day of    October         , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court